UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LETROY CALHOUN,

Plaintiff,

-against-

THE CITY OF YONKERS, et al.,

Defendants.

25-CV-4789 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Letroy Calhoun, proceeding pro se, alleges that the City of Yonkers and several of its police officers violated his rights in an arrest and prosecution that led to his incarceration and eventual guilty plea. However, Calhoun fails to state a claim on which relief can be granted. The Amended Complaint does not allege specific facts against any of the individually named defendants and fails to identify any facts to support the existence of a pattern or practice by the City of Yonkers of the conduct he alleges. And, even if he alleged more facts, Calhoun's conviction would still bar most of his claims. As such, the Court grants Defendants' motion to dismiss in its entirety and denies Calhoun the opportunity to replead his complaint.

**BACKGROUND**

The following facts are taken from the Amended Complaint and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). On or about May 13, 2025, Plaintiff Letroy Calhoun was outside of a store in Yonkers, New York with a pipe he had just purchased and drugs he planned on using personally. ECF No. 22 ("AC") at 3–4. Two detectives approached him with a search warrant. *Id.* Then, two police officers, Ricardo Clerigo and Arnando Cruz, arrested Plaintiff and brought him to a Narcotics Unit. *Id.* Upon his arrest, the officers informed Mr. Calhoun that they also found a

firearm belonging to him at another residence. *Id.* at 4. Plaintiff was charged with criminal possession of a weapon in the second degree, attempted criminal possession of a controlled substance with intent to sell, and criminal possession of a controlled substance with intent to sell in the third degree. *See* ECF No. 28-1 (the "Certificate of Disposition") at 1; *infra* section III.A (taking judicial notice of the Certificate of Disposition). Around this same time, Plaintiff's family dog was taken. AC at 4–5. Although Plaintiff sought an explanation on numerous occasions, he was not informed of the dog's whereabouts. *Id.*

Plaintiff alleges that he did not timely receive discovery in the criminal proceeding that followed. *See id.* at 3. To his knowledge, he was supposed to receive it within forty-five days of his arraignment; but that time came and went. *Id.* So, at four different court appearances, Mr. Calhoun raised his concerns to the judge that the delay violated his due process rights. *Id.* The judge agreed and asked the district attorney why discovery was being "h[e]ld up." *Id.* When Plaintiff finally received the discovery—ninety days after his arraignment—it showed that his fingerprints were not on the firearm that he was charged with possessing. *Id.* Sometime during discovery, Plaintiff also learned for the first time that he was being charged with the sale of narcotics, not just possession. *See id.* at 4–5. On December 22, 2025, Plaintiff pled guilty to attempted criminal possession of a controlled substance with intent to sell, and his two other charges were dismissed. *See* Certificate of Disposition at 1; *infra* section III.A.

While his criminal case remained open, on June 4, 2025, Mr. Calhoun filed suit against multiple defendants: the Yonkers Police Department, Westchester County, and "John Doe" police officers. ECF No. 1 at 1. He brought various damages claims under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. *Id.* at 2–5. On August 18, 2025, the Court terminated Yonkers Police Department and Westchester County as defendants and added the City

of Yonkers. ECF No. 7. The City of Yonkers answered Plaintiff's Complaint on August 28, 2025. ECF No. 10. On October 15, 2025, Plaintiff was ordered to file an amended complaint, identifying the individual police officers he wished to add to the lawsuit, with their badge numbers. ECF No. 20. Plaintiff subsequently filed the Amended Complaint on November 3, 2025, and added the following individuals as defendants: Gene Dolce, Francis McDonald, Anthony Intervallo, Nicola Miele, John Frycz, Timothy Dolce, Adam Walencik, Det. Salem, Nicholas Minichino, Chadeen Vanriel, Det. Robinson, Narco, William Rosado, Jim Strauss, Jessica Day, Matthew Nassar, Kathy Salem, Joseph Nyemcheck, Luis German, Hector Cartagena, Kyle Marshall, Katherine Mata, Ann Jiminez, and Nicolas Campanini (collectively, the "Individual Defendants"). AC at 1–2.

In the Amended Complaint, Plaintiff asserted claims for false arrest, malicious prosecution, and violations of his procedural due process rights related to the delayed discovery and theft of his dog. *See generally* AC. To support his claim related to delayed discovery, Plaintiff attached an article with the headline, "Dozens of cases tossed over tight 'discovery' rules," which described guidelines for district attorneys regarding timely discovery. *See id.* at 9.

Defendants jointly filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and served it on Plaintiff on January 20, 2026. *See* ECF Nos. 24, 27. Receiving no opposition from Plaintiff, the Court *sua sponte* extended Plaintiff's time to file his opposition to April 24, 2026. ECF No. 33. However, the extended deadline has passed and Plaintiff has still yet to file anything upon the docket.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "constru[e] the complaint liberally, accepting all factual allegations in

the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). This principle is especially true in pro se cases, where courts read the pleadings to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

A plaintiff's "failure to oppose the motion does not itself justify the dismissal of the complaint." *Ortiz v. Pace Univ.*, 761 F. Supp. 3d 695, 699 (S.D.N.Y. 2025) (citing *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000)). "In deciding an unopposed motion to dismiss," as in any other motion to dismiss, "a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322). Therefore, "although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Id.* (quoting *McCall*, 232 F.3d at 322).

## DISCUSSION

The Court reads the Amended Complaint to allege causes of action under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and procedural due process violations related to the alleged delayed discovery and deprivation of Plaintiff's property (namely, his dog). The discussion proceeds in five parts. First, the Court determines that the Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure and for that reason is dismissed against all Individual Defendants. Second, Plaintiff does not allege liability against the City of Yonkers under *Monell* and thus dismisses any claims against the City. Third, the Court turns to the merits of Plaintiff's claims and determines that Plaintiff's false arrest and malicious prosecution claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), in addition to being insufficiently pled. Similarly, Plaintiff's delayed discovery allegations also fail to state a cognizable due process claim. Fourth, the Court considers Plaintiff's final claim, related to the alleged deprivation of property, and finds that it, too, fails to meet the requirements for such a procedural due process claim. Last, the Court *sua sponte* denies Plaintiff leave to amend and dismisses his complaint in its entirety with prejudice.

### I. Plaintiff Does Not Allege Sufficient Facts About the Named Individual Defendants to State a Claim Against Them

Defendants argue that claims against the Individual Defendants should be dismissed because Plaintiff fails to plead personal involvement. ECF No. 25 ("MTD") at 9–10. The Court agrees and determines that the Amended Complaint does not meet pleading requirements as against the Individual Defendants.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2). Although this rule does not require that "a complaint be a model of clarity or

exhaustively present the facts alleged, it requires, at minimum that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (citing *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). Even if a complaint is "sometimes hard to parse," it does not violate Rule 8 if Defendants have been given "fair notice" of the claims that Plaintiff is "trying to assert." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 281 (S.D.N.Y. 2015). Dismissal is only warranted when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

In addition to Rule 8's requirement of fair notice, "[t]o establish a claim under § 1983 against an individual defendant, the plaintiff must demonstrate the defendant's personal involvement" in the alleged misconduct. *Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 643 (S.D.N.Y. 2015) (citing *Patterson v. Cnty. Of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004)). "A plaintiff cannot merely name defendants in the caption of the complaint without discussing their specific conduct in the body of the complaint." *Etuk v. City of New York*, No. 24-CV-4957 (KPF), 2026 WL 366763, at *6 (S.D.N.Y. Feb. 10, 2026).

Officers Clerigo and Cruz are the only two individuals in the Amended Complaint with specific factual allegations, which Defendants concede suffice to plead personal involvement. *See* AC at 3–4; MTD at 9–10. Plaintiff alleges that Officers Clerigo and Cruz brought him to the Narcotics Unit. *See* AC at 3–4. Liberally construed, Plaintiff's allegations against Officers Clerigo and Cruz plead their personal involvement in his alleged false arrest. Nonetheless,

neither the original Complaint nor the Amended Complaint names Officer Clerigo or Officer Cruz as defendants. *See* AC at 1–2. Thus, a Rule 8 analysis is not relevant to them.[1]

Despite naming twenty-four other Defendants, Plaintiff does not mention any of them by name in his factual allegations. Plaintiff does not, for example, identify which "2 detectives" approached him with a search warrant, nor does he reference any other improper actions by unnamed police officers or detectives. *See* AC at 3. These individual defendants "have therefore not received fair notice regarding which of their actions g[ives] rise to the claims upon which the complaint is based." *Sforza v. City of New York*, No. 7-CV-6122 (DLC), 2009 WL 857496, at *7 (S.D.N.Y. Mar. 31, 2009). The Court thus dismisses all claims against the individually named defendants.[2]

## II. Plaintiff Fails to Adequately Allege *Monell* Liability Against the City of Yonkers for Most of his Claims

The Court reads the Amended Complaint to allege federal claims under Section 1983, which establishes liability for deprivation, under the color of state law, "of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "The purpose of [Section] 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted). Municipal entities may be sued directly for constitutional violations pursuant to Section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S.

---

[1] Even if the Court permitted further amendment of the complaint to name Officers Clerigo and Cruz as defendants, the potential claims against them would fail for the reasons stated, *infra*, in section III.

[2] Although this basis is sufficient to dismiss claims against the Individual Defendants, the Court later examines the merits of Plaintiff's substantive claims to determine whether to grant Plaintiff leave to amend.

658, 690 (1978), but cannot be held liable for the acts of their employees under the doctrine of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986).

The Court construes Plaintiff's four alleged constitutional violations to assert liability against the City of Yonkers.[3] "[T]o state a [Section] 1983 claim against a municipality, the plaintiff must allege facts showing (i) the existence of a municipal policy, custom, or practice, and (ii) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights." *Price v. City of New York*, No. 15-CV-5871 (KPF), 2018 WL 3117507, at *6 (S.D.N.Y. June 25, 2018) (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997)). A plaintiff can plead a policy, custom, or practice by alleging at least one of the following:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

[3] The Amended Complaint does not name the City of Yonkers as a defendant, but the Court nonetheless considers its liability here. The Court added the City of Yonkers as a defendant when it dismissed the Yonkers Police Department, and the City of Yonkers filed a motion to dismiss the Amended Complaint. *See* ECF Nos. 7, 24. Despite the traditional rule that "an amended complaint ordinarily supersedes the original and renders it of no legal effect," courts in this District sometimes interpret the special solicitude afforded pro se plaintiffs to permit consideration of allegations in multiple complaints to the extent they are neither "contradictory [n]or internally inconsistent." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *Greenwood v. Am. Kennel Club*, No. 23-CV-10516 (GHW), 2026 WL 1113381, at n.1 (S.D.N.Y. Apr. 24, 2026) (citations omitted); *see also, e.g.*, *Washington v. Westchester Cnty. Dep't of Corr.*, No. 13-CV-3813 (JGK), 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014). Accordingly, the Court deems it relevant to assess the merits of claims against the City here. Regardless, to the extent the claims against individual officers may be construed to include official capacity claims, the City is implicated. *See Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against a public servant is treated as one against the governmental entity itself." (citing *Monell*, 436 U.S. at 690 n.55; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985))).

*Edrei v. City of New York*, 254 F. Supp. 3d 565, 579 (S.D.N.Y. 2017), *aff'd sub nom. Edrei v. Maguire*, 892 F.3d 525 (2d Cir. 2018) (internal citation omitted). "[T]here is no heightened pleading requirement for complaints alleging municipal liability under § 1983 . . . but [Plaintiff] 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" *Kucharczyk v. Westchester Cnty.*, 95 F. Supp. 3d 529, 540 (S.D.N.Y. 2015) (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012)).

Plaintiff has failed to allege the existence of a municipal policy or custom beyond his own, individual experience. Even construing the Amended Complaint liberally, the Court cannot find any facts that tend to support an inference that a municipal policy or custom exists beyond his singular claims that he was arrested on false charges, that he was maliciously prosecuted, and that his dog was taken. Only pleading a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Aragon v. New York*, No. 14-CV-9797 (ER), 2017 WL 2703562, at *6 (S.D.N.Y. June 22, 2017) (quoting *Decarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)). Without facts that allege the existence of a custom or policy through at least one of the four theories outlined above, Plaintiff's claims against the City fail. *See Edrei*, 254 F. Supp. 3d at 579.

Even the attached article pertaining to delayed discovery—the only allegation tending to support *Monell* liability—"defines the relevant situation too broadly." *Piatetsky v. Port Auth. of N.Y. & N.J.*, No 24-CV-9136 (CM), 2026 WL 1399468, at *22 (S.D.N.Y. May 19, 2026). The article, which is undated, addresses prosecution efforts across New York with a focus on New York City. *See* AC at 9. Neither Westchester County nor the City of Yonkers are mentioned by name. *See id.* It does not appear, then, that the trend observed in the article would adequately put the City of Yonkers "on notice" of endemic discovery delays within its jurisdiction. *Pluma v. City*

*of New York*, No. 13-CV-2017 (LAP), 2015 WL 1623828, at *12 (S.D.N.Y. Mar. 31, 2015)). To the extent the article can be construed to adequately allege Monell liability, the claim related to delayed discovery fails for other reasons, described *infra*.

**III. Plaintiff's Claims for False Arrest, Malicious Prosecution, and Delayed Discovery Fail**

Plaintiff's claims also all fail for other reasons. Plaintiff alleges that Westchester County charged him with a firearm he did not possess, stated he was arrested at a location where he was not arrested, and wrongfully accused him of selling narcotics. *See* AC at 4–5. Liberally construed, the Court presumes that these three statements are claims for false arrest and malicious prosecution. Plaintiff also claims that his due process rights were violated because he received discovery during his criminal proceeding outside of the required time frame. *See id.* at 3.

Before proceeding with its discussion on the merits of each claim, the Court first finds that it may take judicial notice of the Certificate of Disposition evidencing Plaintiff's conviction. After, the Court finds that *Heck v. Humphrey* bars Plaintiff's claims for false arrest and malicious prosecution. *See* 512 U.S. 477 (1994). In any event, the Court next determines that the false arrest and malicious prosecution claims fail for other reasons. And finally, the Court finds that Plaintiff cannot state a Section 1983 claim based on the delayed discovery. Ultimately, each of these three claims must be dismissed with prejudice as a result.

**A. The Court May Take Judicial Notice of the Certificate of Disposition**

Defendants argue that the Court should take judicial notice of Plaintiff's Certificate of Disposition regarding the criminal case and an oral admission in court as to his conviction, and, thus, dismiss the claims for malicious prosecution and false arrest as barred by *Heck*. MTD at 4–5, 8. The Court need not decide whether it may take judicial notice of Plaintiff's oral admission because it finds that it may take judicial notice of the Certificate of Disposition.

In addition to the factual allegations in a plaintiff's complaint, in deciding a motion to dismiss, the Court may also consider, "accepted as true, documents attached to the complaint as an exhibit or incorporated in it by reference, [] matters of which judicial notice may be taken, or [] documents either in plaintiffs' possession or of which plaintiff had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). There is no indication that Plaintiff relied upon or incorporated the Certificate of Disposition or oral admission in his complaint. So, the Court must determine whether it may take judicial notice of these extraneous materials. Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to a reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As a "matter of public record," the Certificate of Disposition may be noticed by the Court "for the fact of what [was] said" on a motion to dismiss. *Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 538 (S.D.N.Y. 2014); *see also e.g.*, *Grytsyk v. Morales*, 527 F. Supp. 3d 639, 645 (S.D.N.Y. 2021) (taking judicial notice of a guilty plea on a motion to dismiss); *Smith v. City of New York*, No. 12-CV-4572 (KPF), 2013 WL 6158485, at *1 (S.D.N.Y. Nov. 25, 2013) (same).

The Certificate of Disposition shows that Plaintiff entered into a guilty plea, disposing of two charges for criminal possession of a weapon in the second degree and criminal possession of a controlled substance with intent to sell in the third degree. Certificate of Disposition at 1. He was, accordingly, convicted of attempted criminal possession of a controlled substance with intent to sell and sentenced on December 22, 2025. *Id.*

### B. Plaintiff's Guilty Plea Bars His False Arrest and Malicious Prosecution Claims

Because of his guilty plea, Plaintiff's claims for false arrest and malicious prosecution are barred under *Heck v. Humphrey*. *See* 512 U.S. 477, 486–87 (1994). The Supreme Court made clear in *Heck* that in order to pursue these claims, any prior, related criminal proceeding must

end in Plaintiff's favor. *Id.* Specifically, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed," "expunged," "declared invalid," or "called into question." *Id.* Furthermore, "[a] criminal proceeding . . . ends in the defendant's favor where any remaining charges are dismissed on remand following the vacatur or reversal of a judgment of conviction on appeal, because, in such circumstances, there is no ongoing prosecution that poses an impermissible risk of parallel litigation and conflicting judgments." *Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. 2021) (citing *McDonough v. Smith*, 588 U.S. 109, 123 (2019)). Even when some charges are dismissed, *Heck* bars Section 1983 claims that "derive from substantially the same conduct" as the valid conviction. *See Corley v. Vance*, 365 F. Supp. 3d 407, 439 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020).

Here, Plaintiff pled guilty to certain crimes and also asserts that he was falsely arrested and maliciously prosecuted. He claims that the charges against him for criminal possession of a weapon, attempted criminal possession of a controlled substance with intent to sell, and criminal possession of a controlled substance with intent to sell were "bog[u]s" and "false." AC at 5. Although two of these charges were dismissed as part of a plea deal, Plaintiff pled guilty to the attempt charge. *See* Certificate of Disposition at 1. The Court understands all three charges to stem from the same sequence of events because Plaintiff only references one arrest on May 13, 2025—which is also the only "date[] of occurrence" listed on the Amended Complaint—and one ensuing prosecution. *See* AC at 6. Plaintiff describes how he was approached by two detectives while possessing personal drugs and then was informed that authorities found a firearm belonging to him. *Id.* at 3–4. He does not suggest that these two interactions occurred on separate

occasions. Accordingly, Plaintiff's conviction stems from "substantially the same conduct" as the conduct for which he seeks a remedy here, and any finding by the Court on his Section 1983 claims would implicate the validity of his conviction. *Corley*, 365 F. Supp. 3d at 439. And, as such, *Heck* bars Plaintiff's false arrest and malicious prosecution claims.

Regardless, because disposition on *Heck* typically only supports dismissal without prejudice—assuming without deciding that Plaintiff could challenge his guilty plea—the Court will briefly address the merits of each claim individually below. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds, however, warrants only dismissal *without* prejudice . . . ."); *Bowers v. Kelly*, No. 13-CV-6265 (LGS), 2015 WL 2061582, at *1, *3, (S.D.N.Y. May 4, 2015) (noting that even though the existence of plaintiff's guilty plea barred his section 1983 claim, his claims were dismissed "without prejudice, [and] the claims may be reasserted only if the state conviction is overturned.").[4]

### C. Because Plaintiff's Conviction Establishes Probable Cause for His Arrest, His False Arrest Claim Fails

The Fourth Amendment protects the right of individuals to be free from unreasonable seizures, including arrest and detention without probable cause. *See Bailey v. United States*, 568 U.S. 186, 192 (2013). To state a Section 1983 false arrest claim, a plaintiff must allege "that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (per curiam) (citation and internal quotation marks omitted). "Thus, a plaintiff may not bring a false arrest

[4] Despite Defendants' argument, *see* MTD at 8, the Court declines to decide whether delayed discovery "would render a conviction or sentence invalid" and thus trigger the *Heck* bar, because Defendants do not cite any case law to support their position. *See Heck*, 512 U.S. at 486. Moreover, the claim fails for other reasons explained *infra*.

claim if there was probable cause to arrest him for an offense." *Grytsyk v. Morales*, 527 F. Supp. 3d 639, 647 (S.D.N.Y. 2021) (citing *Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014)). "Probable cause to arrest exists if an arresting officer has actual 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Grystk*, 527 F. Supp. 3d at 647 (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). A claim for false arrest fails so long as "probable cause existed for *some* offense," regardless of "whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Id.* (citing *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006)). "[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause." *Boykins v. Lopez*, No. 21-CV-2831 (KMK), 2022 WL 2307684, at *7 (S.D.N.Y. June 27, 2022) (citing *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986)).

Here, Plaintiff "fails plausibly to allege," or otherwise permit an inference of, "the lack of probable cause necessary to maintain" a false arrest claim. *Corsini v. Brodsky*, 731 Fed. App'x. 15, 18 (2d Cir. 2018) (summary order) (citing *Jaegly*, 439 F.3d at 152). Plaintiff was arrested on May 13, 2025, for three charges. Certificate of Disposition. The Amended Complaint acknowledges that, on that day, Plaintiff "had the pipe . . . to smoke," together with "the drugs that I use." AC at 4. Plaintiff was subsequently convicted of attempted criminal possession of a controlled substance with intent to sell, apparently based on the May 13, 2025 conduct leading up to his arrest. *See* Certificate of Disposition. His conviction necessarily establishes the existence of probable cause for the arrest even though he was not convicted of each individual charge. *See Jaegly*, 439 F. 3d at 154. Probable cause thus defeats Plaintiff's claim for false arrest.

**D. Because Plaintiff's Prosecution Did Not Terminate in His Favor, His Malicious Prosecution Claim Fails**

To establish a malicious prosecution claim under Section 1983, a plaintiff must plead

> (1) [t]hat the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, (4) that the prosecution was terminated in the plaintiff's favor[,] and (5) that there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.

*Dunham v. City of New York*, 295 F. Supp. 3d 319, 333 (S.D.N.Y. 2018) (quoting *Smith v. New York*, 1 F. Supp. 3d 114, 121 (S.D.N.Y. 2013)) (cleaned up).

Plaintiff fails to allege the necessary facts to support most of the required elements of a malicious prosecution claim. *See generally* AC. The Amended Complaint does not suggest that the prosecutor lacked probable cause to believe the proceeding could succeed or acted with malice. And, in any event, Plaintiff's claim fails because the prosecution was not terminated in his favor but rather ended in a guilty plea. Certificate of Disposition; s*ee Floyd v. Rosen*, No. 21-CV-1668 (KMK), 2022 WL 1451405 (S.D.N.Y. May 9, 2022) ("[A] guilty plea is not a termination in favor of the accused for purposes of a malicious prosecution claim.") (quoting *Rivera v. City of Yonkers*, 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007)). Plaintiff's claim for malicious prosecution is thus dismissed with prejudice.

**E. Because There Is Not A Federally Protected Liberty Interest, Plaintiff's Delayed Discovery Claim Fails**

Plaintiff alleges his due process rights were violated because of delays in handing over discovery during his criminal proceeding. Under New York Criminal Procedure Law § 245.10, criminal defendants are entitled to receive discovery related to their prosecution based on certain deadlines set forth in the law. Plaintiff contends he did not timely receive this discovery.

"A violation of state law typically does not give rise to a claim under the United States constitution." *Johnson v. City of New York*, No. 25-CV-92 (PKC), 2026 WL 1453603, at *3 (S.D.N.Y. May 22, 2026). Nonetheless, state law may sometimes "create liberty or property interests entitled to due process protection" under the Fourteenth Amendment. *Id.* (quoting *Sealed v. Sealed*, 332 F.3d 51, 55 (2d Cir. 2003)). New York's procedural rules governing discovery do not constitute such an exception. "Ample precedent" establishes that New York's state rules of criminal procedure, such as Section 245.10, do "not create a liberty interest that is entitled to protection under the federal Constitution." *Watson v. City of New York*, 92 F.3d 31, 37–38 (2d Cir. 1996); *see also Medina v. City of New York*, No. 20-CV-797 (VEC), 2021 WL 1700323, at *5 (S.D.N.Y. Apr. 29, 2021) (dismissing plaintiff's due process claim based on an alleged violation of New York Criminal Procedure Law § 140.20). Plaintiff has not provided, nor is the Court aware of, any cases that have held that Section 245.10 creates a federally protected liberty interest in ensuring timely discovery. Because the Court cannot readily find a liberty interest that entitled Plaintiff to due process protections, his claim for a violation of his procedural due process rights because of the delayed discovery is dismissed.

## IV. Because There Was an Adequate Post-Deprivation Remedy, Plaintiff's Deprivation of Property Claim Also Fails

Plaintiff's claim that his due process rights were violated because police took his dog fails to state a claim upon which relief can be granted and is thus dismissed. The Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property" without "due process of law." U.S. Const. amend XIV. A "court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Assuming without deciding that

Plaintiff had a property interest that was implicated, Plaintiff's claim fails because there was a post-deprivation remedy available.

"When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)). Plaintiff claims that his family dog was taken and that he was not informed of the dog's whereabouts after requesting information.[5] AC at 4. However, Plaintiff does not allege, nor can the Court discern, the existence of an established procedure of taking arrestees' pets, so the Court construes his claim as one based on a random, unauthorized act by state employees. For claims based on random acts by state employees, "so long as the State provides a meaningful postdeprivation remedy," "the Due Process clause of the Fourteenth Amendment is not violated." *Hellenic*, 101 F.3d at 880.

Defendants argue that Plaintiff's claim fails because "New York provides an adequate post-deprivation remedy via an Article 78 proceeding." MTD at 8. In New York, "an Article 78 proceeding is a perfectly adequate postdeprivation remedy . . . ." *Nestle Waters N. Am., Inc. v. City of New York*, No. 15-CV-5189 (ALC), 2016 WL 3080722, at *6 (S.D.N.Y. May 25, 2016), *aff'd*, 689 F. App'x 87 (2d Cir. 2017) (quoting *Hellenic*, 101 F.3d at 881); *see also Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002) ("This court has held on numerous occasions that where, as here, a party sues the state and its officials and employees for the

---

[5] The Amended Complaint does not explicitly allege that police on the scene were responsible for taking Plaintiff's dog. *See* AC at 4 ("Also my dog was taken[,] . . . and [I] still don't know where it end[ed] up at . . . ."). However, in light of Plaintiff's pro se status, the Court interprets the Amended Complaint to allege that Yonkers police officers removed the dog from his home.

arbitrary and random deprivation of a property or liberty interest, an Article 78 proceeding is a perfectly adequate postdeprivation remedy.") (citation and internal quotation marks omitted). Plaintiff thus "must pursue his claim through an Article 78 proceeding before resorting to federal court," *Nestle Waters*, 2016 WL 3080722 at *6, so his deprivation of property claim is dismissed.

**V. The Court *Sua Sponte* Denies Leave to Amend**

Neither Plaintiff nor Defendants have asked the Court to decide on whether leave to amend should be granted. Nonetheless, the Court *sua sponte* denies leave to amend.

Leave to amend is "within the sound discretion of the trial court" and shall be freely granted "when justice so requires." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)); Fed. R. Civ. P. 15(a)(2). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699 (MKV), 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (citation and internal quotation marks omitted). The Supreme Court has instructed, however, that leave should be denied upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (internal citation omitted).

More factually specific or legally attuned pleading would not alter the outcome of Plaintiff's claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that requests to replead should be denied when "[t]he problem with [the pleading] is substantive" and "better

pleading will not cure it"). Each claim fails for multiple reasons, including no allegations about the Individual Defendants or a municipal policy or practice, a procedural bar, and merit determinations. Plaintiff never opposed or otherwise responded to the Motion to Dismiss, despite a *sua sponte* extension for him to do so. *See* ECF No. 33. Accordingly, the Court determines that further amendment of the dismissed claims would be futile and dismisses all claims with prejudice. *See Kelsey v. Rutledge*, No. 21-CV-4298 (PMH), 2022 WL 2110436, at *8–9 (S.D.N.Y. June 10, 2022).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in its entirety and Plaintiff is denied leave to amend. The Clerk of Court is respectfully directed to terminate ECF No. 24 and close the case. The Clerk of Court is also directed to mail a copy of this Order and Opinion to Plaintiff.

Dated: July 30, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge